# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHTON DANIEL, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00466-NJR |
| JOHN BALDWIN, | ) |
| MELVIN HINTON, | ) |
| JEFF DENNISON, | ) |
| NIKOLE JUSTICE, | ) |
| K. HAMMERSIEY, | ) |
| JACQUELINE LASHBROOK, | ) |
| LIPCHITZ, and | ) |
| B. ALLARD, | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Ashton Daniel, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff alleges that he has been denied adequate mental health treatment while in IDOC custody, which includes his time at Pawnee Correctional Center ("Pawnee"), as well as at Shawnee. In his Complaint (Doc. 1), Plaintiff requests a preliminary injunction ordering Defendants John Baldwin, Dr. Melvin Hinton, Jeff Dennison, Nikole Justice, and B. Allard to comply with the settlement agreement that was adopted in *Rasho v. Walker,* Case No. 07-cv-1298-MMM (C.D. Ill) ("*Rasho*") (pertaining to mental health treatment for inmates in IDOC custody who are "seriously mentally ill"). He is also seeking a declaratory judgment, injunctive relief, and monetary damages.

  Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out

non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## THE COMPLAINT

In the Complaint, Plaintiff alleges the following: Prior to arriving at Shawnee, Plaintiff was diagnosed as manic depressive by Health Services at Pinckneyville. (Doc. 1, p. 9). Because medical personnel did not follow medication distribution protocol, which entailed completing oral checks to ensure that the prescribed medication was taken by inmates, Plaintiff was able to collect thirty pills used to treat his insomnia disorder. *Id.* p. 11. He then attempted suicide by swallowing all thirty pills. *Id.* Following the incident, Dr. Lipchitz, a psychiatrist at Pinckneyville, discontinued the treatment of Plaintiff's insomnia using prescription pills. *Id.* Plaintiff requested to be placed back on the prescribed medication for his disorder; his request was denied by Dr. Lipchitz. *Id.* p. 10-11. Plaintiff claims that, by not being allowed to take prescription medicine for his insomnia, he is now being punished for something caused by his psychological disorder and Dr. Lipchitz's failure to order medical staff to follow medication distribution protocol. *Id.* p. 11. Because his insomnia continues to go untreated, Plaintiff is in a deep state of depression and emotional distress. *Id.* p. 12. Plaintiff also claims that Jacqueline Lashbrook, as the Warden at Pinckneyville, has failed to provide adequate mental health treatment for Plaintiff. *Id.*

At some point, Plaintiff was transferred to Shawnee, where he continued to receive inadequate treatment for his mental illness. Despite requests for a treatment plan and to be placed in mental health programs, he was denied mental health services and treatment for fourteen months by K. Hammersiey, a mental health professional, and B. Allard, Supervisor of Clinical Services. *Id.*, pp. 8, 10. On February 20, 2019, Plaintiff filed an emergency grievance requesting to be placed in mental health programs and continue a treatment plan similar to the treatment plan implemented at Pinckneyville. *Id.,* pp. 6-7. His grievance was denied, and Nikole Justice, Acting Head of Mental Health Services, Warden Jeff Dennison, and Allard determined that his grievance was only a request for services. *Id.* 9. Medical and Mental Health Services at Shawnee have also denied Plaintiff's requests to receive prescription medicine to treat his insomnia. *Id.* p. 12.

Plaintiff states that he is a class member in the *Rasho* class action, in which the finalized settlement agreement required prison officials to administer proper and adequate mental health services to all mentally ill offenders in IDOC custody. *Id.* p.10. The Director of IDOC, Jeff Baldwin, and the Chief of Mental Health Services at IDOC, Dr. Melvin Hinton, along with Defendants Allard, Justice, Dennison, Hammersiey, Lashbrook, and Lipchitz are aware of the terms of the settlement agreement in the *Rasho* case and are grossly out of compliance with the requirements. *Id.* pp. 8, 9, 10, 12, 13.

Because Plaintiff has been denied adequate mental health treatment and services while in custody, his mental and physical health have deteriorated. *Id.* p. 14. In addition to his depression and insomnia, Plaintiff suffers from social disorders, emotional distress, loss of appetite, weight loss, dizziness, headaches, and memory loss. *Id.*

## PRELIMINARY MATTER

Plaintiff repeatedly asserts that the mental health services he is receiving, or has received, violate the settlement agreement in *Rasho*, in which he is a class member. (Doc. 1, p. 10). In connection with these claims, Plaintiff asks the Court to issue a preliminary injunction ordering the defendants to comply with the *Rasho* settlement agreement. (Doc. 1, p. 13). *Rasho* is a class action lawsuit that was filed in the United States District Court for the Central District of Illinois by a group of mentally ill offenders who were denied adequate mental health treatment and subjected to extended periods of segregation that exacerbated their mental health problems.

On May 23, 2016, the *Rasho* court adopted a settlement agreement, (Doc. 696, 710 in *Rasho*), which contains provisions to ensure that seriously mentally ill prisoners receive mental health treatment while confined in segregation and that mental health staff evaluate such prisoners and may make recommendations that their segregation terms be shortened. The only relief sought in *Rasho* was injunctive relief. The court in *Rasho* has noted that an inmate who wishes to seek damages arising from deliberate indifference to a mental health condition must do so in an individual action. (Text Orders, dated 5/18/2016, 9/16/2016, 9/26/2016, *Rasho*). But claims pertaining to enforcement of the settlement agreement should be brought in the Central District of Illinois, where that case was litigated. *See Rasho v. Walker*, 2018 WL 2392847, C.D. Ill. (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance.").

In this case, Plaintiff may pursue claims stemming from deliberate indifference to his mental health (Counts 1 and 2, below). Plaintiff may not, however, pursue claims pertaining to enforcement of the *Rasho* settlement agreement. Those claims must be brought, if at all, in the Central District of Illinois. Accordingly, Plaintiff's claims pertaining to enforcement of the *Rasho*

settlement agreement are dismissed without prejudice, and his request for a preliminary injunction pertaining to the same is denied without prejudice. Because there are no further claims brought against Director Baldwin or Dr. Hinton, these defendants shall be dismissed from the action.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to delineate the claims in this case into the following two Counts:

**Count 1**: Eighth Amendment claim of inadequate mental health treatment against Dennison, Justice, Hammersiey, and Allard for denying Plaintiff mental health services for fourteen months.

**Count 2:** Eighth Amendment claim of inadequate mental health treatment against Lipchitz and Lashbrook for discontinuing the treatment of Plaintiff's insomnia with medication.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## SEVERANCE

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George*, 507 F.3d at 607; 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978). Rule 18 allows a party to join unrelated claims against defendants in a lawsuit. However, this rule applies only after the requirements for joinder of parties

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

5

have been satisfied under Rule 20. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., *Federal Practice & Procedure*).

Here, Count 1, pertaining to Plaintiff's treatment, or lack thereof, at Shawnee, and Count 2, pertaining to his treatment at Pinckneyville, are not properly joined in a single action. The discretionary actions taken by different officials at different prisons do not constitute the same series of transactions and occurrences with questions of fact common to each of the defendants. The defendants employed at Pinckneyville and the defendants at Shawnee made independent judgments about Plaintiff's condition and grievances as it appeared to them at the time. As a result, Dennison, Justice, Hammersiey, Allard, Lipchitz, and Lashbrook are not properly joined under Rule 20(a)(2), and the claims directed against them do not belong together in a single action.

For these reasons, the Court exercises its authority under Rule 21 and severs the improperly joined claims. Count 1 directed against Dennison, Justice, Hammersiey, and Allard shall remain in this action, and the merits of this claim will be reviewed in this Order. Count 2 directed against Lipchitz and Lashbrook will be severed into a separate action. This separate action will have a newly assigned case number and shall undergo preliminary review pursuant to Section 1915A after the new case number and judge assignments have been made.

## MERITS REVIEW

### Count 1

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Farmer v. Brennan,* 511 U.S. 825 (1994). "To prevail on a deliberate-indifference claim, the plaintiff must prove that he suffered from '(1) objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'"

*Whiting v. Wexford Health Sources, Inc.,* 839 F.3d 658, 622 (7th Cir. 2008)(quoting *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008)); *see also Giles v. Godinez,* 914 F.3d 1040, 1049 (7th Cir. 2019).* The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

Plaintiff claims that he has a psychological disorder and that he has been diagnosed as manic depressive. (Doc. 1, p. 9). He also claims that his insomnia, untreated by the prescription medicine, causes him to go into deep depression and emotional distress. *Id.* p. 12. Plaintiff states that upon arrival at Shawnee he was denied mental health services by Hammersiey, despite his medical records indicating that he suffers from mental health conditions, and that Allard, even after requesting treatment, also denied him services and treatment. Plaintiff wrote an emergency grievance, in which Justice and Warden Dennison were made aware that Plaintiff had been denied mental health services for fourteenth months. Warden Dennison "signed off" on Allard and Justice's decision that the grievance was only a request. (Doc. 1, p. 10). Because Plaintiff has alleged that the defendants knew about his condition and failed to take action to obtain mental health treatment for him, at this early stage, he has stated sufficient facts to proceed with Count 1 against Dennison, Justice, Hammersiey, and Allard.

### DISPOSITION

**IT IS ORDERED** that all claims seeking to enforce the *Rasho* settlement agreement are **DISMISSED** without prejudice, and Plaintiff's request for a preliminary injunction is **DENIED** without prejudice. Because there are no further claims against **BALDWIN** and **HINTON** they shall be **DISMISSED without prejudice,** and the Clerk of Court is **DIRECTED** to terminate these individuals from this action.

7

**IT IS FURTHER ORDERED** that **COUNT 2** is **SEVERED** into a new case against **LIPCHITZ** and **LASHBROOK**. In the new case, the Clerk is **DIRECTED** to file the following documents:

- The Complaint (Doc. 1);
- Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2); and
- This Memorandum and Order.

The **only claim remaining in this action is COUNT 1**. **Count 1** shall proceed against **DENNISON, JUSTICE, HAMMERSIEY,** and **ALLARD**. The Clerk of Court is **DIRECTED** to terminate **LIPCHITZ** and **LASHBROOK** from this action.

The Clerk of Court shall prepare for Defendants **DENNISON, JUSTICE, HAMMERSIEY,** and **ALLARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.