# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ASHTON DANIEL, | ) |
| #R69925, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv−00466−NJR |
| | ) |
| NIKOLE JUSTICE, | ) |
| K. HAMMERSIEY, | ) |
| KAREN SMOOT, and | ) |
| JEFF DENNISON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Ashton Daniel, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants provided him with inadequate medical treatment. Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on an Eighth Amendment claim of inadequate mental health treatment against Dennison, Justice, Hammersiey, and Allard for denying Plaintiff mental health services for fourteen months (Count 1). (Doc. 6).

After Defendants filed an answer to the Complaint, Plaintiff filed a Motion for Leave to File an Amended Complaint and submitted a proposed amended complaint. (Doc. 27). Defendants did not file a response to the motion. The Court now considers the Motion for Leave to File an Amended Complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. The Seventh Circuit maintains a liberal attitude toward the amendment

1

of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's motion is not unduly delayed or brought with any apparent dilatory motive. Nonetheless, the First Amended Complaint is still subject to review under 28 U.S.C. § 1915A.[1] Accordingly, prior to granting leave to amend, the Court will screen the First Amended Complaint in accordance with this statute.

## AMENDED COMPLAINT

In the First Amended Complaint, as also stated in the original Complaint (Doc. 1), Plaintiff alleges that he was denied mental health and medical treatment for his manic depression and insomnia for fourteen months. He brings this claim against existing Defendants Justice and Hammersiey, and new Defendant Karen Smoot, Administrator of Health Care. He alleges that Defendants are no longer treating his manic depression and insomnia, and that Justice wrongly reported that: (1) Plaintiff only needs to be seen once a month; (2) Plaintiff had no need to see a psychiatrist; and (3) Plaintiff's conditions of manic depression and insomnia were nothing more than sleep disturbances. He claims that Justice and Smoot are informing inmates that they no longer give medication for sleep disturbances, and that Justice and Smoot are denying him medication and to treat his insomnia because of his past abuse of medication.

---

[1] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Plaintiff also voluntarily dismisses Defendants Jeff Dennison and Harry Allard and modifies his request for relief.

Upon review of the First Amended Complaint, the Court finds that Plaintiff has pled the following claim:

> **Count 1:** Eighth Amendment claim of inadequate medical treatment against Justice, Hammersiey, and Smoot for denying Plaintiff mental health services and medical treatment for fourteen months and continuing to provide inadequate treatment for Plaintiff's manic depression and insomnia.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

Plaintiff's claims that Defendants have denied him medical treatment and continued to provide inadequate treatment for his manic depression and insomnia are sufficient state a claim of deliberate indifference to a serious medical need against Justice, Hammersiey, and Smoot. *See Sanvill v. McCaughtry,* 266 F.3d 724, 733 (7th Cir. 2001); *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Accordingly, Count 1, as designated in this Order, survives preliminary review.

His request to dismiss all claims against Dennison and Allard is granted. *See Taylor v. Brown,* 787 F.3d 851, 858 (7th Cir. 2015). Because Plaintiff is seeking injunctive relief, Dennison, as the warden of Shawnee, shall remain a defendant in his official capacity only. *See* FED. R. CIV. P. 17(d) & 21; *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### REQUEST FOR PRELIMINARY HEARING AND PERMANENT INJUNCTION

In his request for relief, Plaintiff asks the Court for a preliminary hearing and permanent injunction ordering the Defendants to comply with the settlement agreement from the class action lawsuit *Rasho v. Walker*, Case No. 07-cv-1298-MMM (C.D. Ill). As the Court explained in the original Merit Review Order (Doc. 6, p. 4), an inmate who wishes to seek to enforce the *Rasho* settlement agreement must bring those claims in the Central District of Illinois, where the case was litigated. *See Rasho*, No. 07-cv-1298-MMM, 2018 WL 2392847 at *6 (C.D. Ill., May 25, 2018) (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance."). Therefore, his claims pertaining to the enforcement of the *Rasho* settlement agreement are dismissed, and his requests for injunctive relief pertaining to the same are **DENIED.**

### DISPOSITION

Pursuant to Rule 15, and after review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 27). **Count 1** will proceed as to **Justice, Hammersiey,** and **Smoot**. All claims against **Dennison** and **Allard** are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to terminate **Allard** from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. **Warden Jeff Dennison** shall remain a defendant, in his official capacity, only for the purposes of implementing any injunctive relief that is ordered.

The Clerk of Court is **DIRECTED** to file the First Amended Complaint and to add **Karen Smoot** to the docket as a defendant.

Further, the Clerk of Court shall prepare for **Smoot**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The

Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the original Merit Review Order (Doc. 6), and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff.

Defendants **Justice, Hammersiey, Smoot,** and **Dennison** are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 6) and in this Merit Review Order. Defendants are **ADVISED** that the Court does not accept piecemeal answers.

**IT IS SO ORDERED.**

DATED: **October 4, 2019**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**